

Ishmael C. Harris,
1419 S. Highland Ave
Tucson, AZ 85713
520.704.0979
ishstx1@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA, TUCSON

| | |
|---|---|
| ISHMAEL C. HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES RYAN, DIRECTOR ARIZONA DEPARTMENT OF CORRECTIONS,<br><br>RICHARD PRATT, INTERIM DIVISION DIRECTOR, DIVISION OF HEALTH SERVICES,<br><br>UNKNOWN DEFENDANT, PHARMACY ADMINISTRATOR FOR CORIZON.<br><br>    Defendants. | Case No.: [Number]<br>CV16-0681 TUC LCK<br><br>CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### I.   JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, rights secured by the Constitution of The United States. The Court has jurisdiction under 28 U.S.C § 1331 and 1334(a)(3).

2. The District of Arizona, Tucson is the appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

### II.   PLAINTIFF

3. Plaintiff Ishmael C. Harris is and was at all times referenced herein the Plaintiff.

### III   DEFENDENTS

4. Defendant Charles Ryan is the Director of the Arizona Department of Corrections, and had custody and jurisdiction over plaintiff at and during the events giving raise to this action.

5. Defendant Richard Pratt is the Interim Division Director, Division of Health Service for the Arizona Department of Correction.

6. Unknown Defendant is a Pharmacy administrator for Corizon with the Arizona Department of Corrections.

7. Each defendant is sued in their individual capacities. At all times mentioned in this complaint each defendant acted under the color of state law.

CIVIL ACTIONCOMPLAINTJURY TRIAL DEMANDED - 1

## IV    FACTS

8. Plaintiff is a Fifty two (52) year old, life long asthma sufferer who is diagnosed with Chronic Obstructive Pulmonary Disease (COPD)

9. Plaintiff's asthma and COPD are medically recognized and have been diagnosed since 1964 and 2009 respectively. And have been prescribed treatment for both conditions respectively and collectively prior to coming under the custody and jurisdiction of defendants.

10. Prior to coming under the custody and jurisdiction of defendants; plaintiff's asthmatic and COPD conditions were diagnosed and treated at the Tucson Medical Center (TMC) and plaintiff's Primary Care Physician for his asthma and COPD is Dr. Michael Lokale located in Tucson Arizona.

11. Prior to coming under the custody and jurisdiction of defendants, plaintiff's asthmatic and COPD conditions were verified and treated by the Pima County Adult Detention Medical Staff and the prescribed dosages of medications (i.e., Theophylline and both oral and inhaled corticosteroids), as substantiated by "CVS Pharmacy", were administered to plaintiff while plaintiff was under the custody and jurisdiction of the Pima County Sheriff's Department at the Adult Detention Complex from April 8th, 2016, to May 5th, 2016, and his asthma/COPD were controlled.

12. Prior to coming under the custody and jurisdiction of defendants, plaintiff's asthmatic and COPD conditions were verified and treated by the Cochise County Jail/ Sheriff Department medical staff and the prescribed medications and dosages, (i.e., Theophylline 2x daily and oral and inhaled corticosteroids), were administered to plaintiff while plaintiff was under the custody and jurisdiction of the Cochise County Sheriff from May 5th, 2016, till June 23rd, 2016, and his asthma and COPD were controlled.

13. On June 23rd, 2016, when plaintiff was transferred to the custody and jurisdiction of defendants at the Alhambra Intake Facility, medical records confirming the plaintiff's serious medical conditions and the prescribed medications and dosages were forwarded to defendants by the Cochise County Sheriff Department medical department.

14. On June 23rd, 2016, when plaintiff was transferred to the custody and jurisdiction of defendants at the Alhambra Intake Facility; plaintiff underwent a medical intake assessment at which point and time, plaintiff's prescribed medications crucial to the control and maintenance of his asthmatic/ COPD conditions were ordered/ requested to be filled.

15. Without any medically based determination as to "why" the defendants not only denied/ refused to fill and have the prescribed medications continued. Defendants consented only to medications being prescribed and administered to plaintiff which treated only his asthma while leaving his COPD untreated.

16. Not only did defendants' prescribed treatment purport "only" to treat plaintiff's asthma (while ignoring his COPD); the medication prescribed by defendants, i.e. "ALVESCO", explicitly warns:

> "Particular care is needed for patients who are transferred from systemically active corticosteroids to ALVESCO because death due to adrenal insufficiency have occurred in asthmatic patients

CIVIL ACTIONCOMPLAINTJURY TRIAL DEMANDED - 2

> during and after transfer from systemic corticosteroids to less systemically-available inhaled corticosteroids. After withdrawal from systemic corticosteroids, a number of months are required for recovery of hypothalamic-pituitary-adrenal (HPA) function.
>
> …
>
> During periods of stress or a severe asthma attack, patients who have been withdrawn from systemic corticosteroids should be instructed to resume oral corticosteroids (in large doses) immediately and to contact their physicians for further instructions.
>
> …
>
> Patients requiring oral corticosteroids should be weaned slowly from systemic corticosteroid use after transferring to ALVESCO…

However, these warnings and precautions were intentionally and blatantly ignored by defendants. And although at the time of arriving into the custody and jurisdiction of defendants, plaintiff had been receiving systemic active corticosteroids, those medications were discontinued by defendants with deliberate indifference to the warnings and precautions issued regarding "transferring patients from systemic corticosteroid therapy."

17. Upon experiencing worsen symptoms while taking the medications prescribed by defendants; plaintiff did direct a "Health Needs Request" (HNR) to the Alhambra medical department advising that the prescribed medications "were not controlling his asthma/ COPD" and that his "wheezing was getting worse."

18. Several days later, without any response or action by defendants to plaintiff's HNR; plaintiff's Blood Oxygen Saturation dropped to 83% while suffering intense shortness of breath and severe wheezing which required plaintiff to be rushed via ambulance to the Maricopa Medical Center (MMC) emergency room where he was admitted and treated for his asthma and COPD conditions.

19. Upon being returned to the Alhambra Intake Facility after being transported to Maricopa Medical Center ER and admitted on July 1st, 2016; plaintiff was rehoused in a twenty-to (22) man room with one toilet and insufficient ventilation.

20. Plaintiff was not assessed by a RN or LPN, nor were the discharge recommendations from Maricopa Medical Center acted upon when plaintiff was returned to Alhambra.

21. Thereafter seven (7) days after being admitted and treated at MMC, none of the treatment recommendations issued by MMC medical staff who treated plaintiff were implemented and plaintiff's COPD remained untreated; plaintiff was transferred to Tucson-Whetstone Unit where he was housed in the very furthest housing location from the facilities medical and dining locations and subjected to second hand cigarette smoke for the duration of his being at the facility.

22. On July 22nd, 2016, after plaintiff's HNR for the refill of his Albuterol rescue inhaler was not acted upon along with five (5) HNR's requesting plaintiff's Theophylline prescriptions be honored and in addition to reassignment of plaintiff's housing because of second hand cigarette smoke; plaintiff on July 22nd, 23rd, 24th, and 25th, 2016 had to walk to the medical location for breathing treatments due to his worsening asthma/ COPD conditions.

23. On July 26th, 2016, due to the seriousness of plaintiff's asthma/ COPD conditions, plaintiff was transferred from Tucson-Whetstone Unit to the medical Unit 9 at Tucson-Recon; and on July 27th, 2016, plaintiff was taken by ambulance to Banner University Emergency room, when and where he

CIVIL ACTIONCOMPLAINTJURY TRIAL DEMANDED - 3

was admitted and treated for five (5) consecutive days in the Intensive Care Unit (ICU) on a "BiBap" breathing apparatus just short of being intubated.

24. On or about the fifth day while in the ICU at Banner University Hospital, plaintiff's asthma/ COPD was brought under control as a result of being administered doses of Theophylline, oral and inhaled corticosteroids, Symbicort etc., medications recommended by MMC and/or previously prescribed prior to coming under the custody and jurisdiction of defendants, but refused to be administered by defendants.

25. On August 4th, 2016, plaintiff was discharged from Banner University Hospital and taken to the medical unit at Florence ASPC, where for another four (4) to 5 (five) days the "third" prescription, as well as the discharge recommendations from Banner University Hospital were not acted upon.

26. Thereafter, on August 12th, plaintiff was returned to Tucson-Whetstone, where after the limited supply of Theophylline tablets sent from Florence medical unit ran out, plaintiff was forced to go without Theophylline for two (2) more days until the prescription was refilled.

27. Thereafter plaintiff's Theophylline prescription was changed from 300mg 2x daily to 400mg 1x daily.

28. After plaintiff directed an HNR contesting the reduction of his prescription from 300mg of Theophylline 2x daily to 400mg 1x daily; the 300mg 2x daily dosage was reinstated.

## V. LEGAL CLAIMS

29. Plaintiff realleges and incorporates by reference paragraphs 1-28.

30. Defendants being fully aware of plaintiff's serious medical needs, acted with deliberate indifference towards plaintiff's medical needs in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

31. Defendants deliberate indifference did cause plaintiff unnecessary and avoidable pain and suffering in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

32. Defendants deliberate indifference did put plaintiff at a serious risk of death on two (2) separate occasions which required plaintiff to be hospitalized, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

33. Defendants deliberate indifference to plaintiff's serious and documented medical needs and conditions caused plaintiff severe mental and emotional suffering and injury, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution

34. Defendants' caused plaintiff to be exposed to second hand cigarette smoke which did constitute a serious unreasonable risk in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

CIVIL ACTIONCOMPLAINTJURY TRIAL DEMANDED - 4

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment:

35. Granting plaintiff a declaration that the acts and omissions described herein, violated plaintiff's rights under the Constitution and laws of the United States, and

36. Grant plaintiff compensatory damages in the amount of $2,500,000 against each defendant jointly and severally, and

37. Grant plaintiff punitive damages in the amount of $3,000,000 against these defendants jointly and severally.

38. Plaintiff seeks a jury trial on all issues triable by jury.

39. Plaintiff also seeks recovery for the cost of this suit and

40. Any additional relief this court deems just, proper and equitable

Dated:   This 20th Day of October 2016

Respectfully submitted;

*/s/ Ishmael C. Harris*
Ishmael C. Harris

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED HEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT TUCSON, ARIZONA, OCTOBER 20TH, 2016